1  Rica C. Angelo, Pro Se
   1970 Columbia St., #315
2  San Diego, CA 92101
   (702)396-1527
3

FILED
2008 JUL 11 PM 3:39
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| RICA C. ANGELO, | ) Case No.: |
| Plaintiff, | ) '08 CV 1253 W JMA |
| vs. | ) EX PARTE APPLICATION AND |
| COUNTYWIDE BANK MORTGAGE CORP., COUNTRYWIDE BANK, FSB., RECONTRUST COMPANY AURORA LOAN SERVICES | ) SUPPORTING DECLARATION OF RICA C. ANGELO FOR A STAY OR TEMPORARY RESTRAINING ORDER/ PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE, AND CERTIFICATION |
| Defendant(s), | ) |

Plaintiff, RICA C. ANGELO, Pro Se, hereby applies for an Ex Parte Temporary Restraining Order/Preliminary Injunction or Stay Order against the named Defendant(s), and as grounds therefore would state as follows:

1. Plaintiff requests a stay Order or temporary restraining Order to enjoin and restrain the Defendant(s) named herein, their agents, servants and employees from scheduling or executing a proposed Trustee's sale in regard to a non-judicial foreclosure action without judicial oversight and without a

Angelo, Columbia St. TRO. 6/26/2008. - 1

valid Court Order, and further to require the named Defendants to appear and show cause why the relief requested in this application should not be granted, and to produce in open Court the original promissory note with all endorsements and attachments to establish Defendants right and entitlement to conduct said non-judicial Trustee's Sale.

2. Plaintiff(s) has filed contemporaneously herewith a Complaint for Truth in Lending violations, which Complaint is currently pending before the District Court. Plaintiff requests that this Honorable Court enjoin and restrain the execution of the non-judicial Trustee's sale pending the resolution of the Plaintiff's claims as set forth in Plaintiffs Complaint for Truth in Lending violations. Attached hereto and made a part hereof as Plaintiff's Exhibit "A" is a copy of said Complaint.

3. This application is made pursuant to the Federal Rules of Civil Procedure. Plaintiff is entitled to the relief requested, including but not necessarily limited to enjoining and restraining the Defendants from executing a Trustee's Sale of the subject property pending resolution of Plaintiff's claims on the merits.

4. The executing by Defendants of a Trustee's sale would fall outside of the authority of the Defendants if said Defendants are unable to produce the original signed promissory note with all attachments showing their legal entitlement to schedule and conduct said Trustee's sale. Should said sale be permitted to go forward without the proper legal authority and entitlement to do so, Plaintiff(s) would be irreparably injured in that Plaintiff would lose all right, title and interest in and to her unique real property, would lose all of her equity in

the subject property, would lose the right of possession of the subject property, including but not limited to her right of quiet enjoyment of the property, and would suffer great personal injury, including but not limited to defamation of Plaintiffs credit, the infliction of emotional distress upon Plaintiff, and other injury and damages personal to Plaintiff. Plaintiff will suffer these injuries, even if her claims are meritorious, unless Defendant is enjoined and restrained. Once Plaintiff has suffered the injury, any pecuniary amount would be inadequate to compensate Plaintiff for her injuries, making said injury irreparable.

5. Plaintiff further contends that Defendants have not properly applied Plaintiff's payments to the account maintained by Defendants, and may have made incorrect interest rate adjustments, incorrect tax impound amounts and may have otherwise misapplied Plaintiff's payments. Plaintiff further requests that Defendants appear and provide a detailed analysis of the amount Defendant contends is due and owing on the note and deed of trust at issue. Unless and until Defendants can provide said detailed account as to the amount Defendants contend is due and owing, Defendant should not be permitted to conduct the scheduled Trustee's sale, which would be in derogation of the rights of Plaintiff.

6. Plaintiff would be entitled to damages to compensate Plaintiff for all detriment proximately caused by the wrongful conduct of the servicer or Trustee pursuant to California Civil Code Section 3333. Until the Court is able to make such a determination, Defendant(s) should be enjoined from going forward with the scheduled Trustee's sale.

7. Plaintiff has no other adequate remedy at law.

8. Plaintiff requests that this Honorable Court grant the relief on an ex parte basis without notice to the other side, in that the threatened proposed Trustee's sale is imminent, and there is insufficient time for Defendants to be heard in opposition prior to the threatened injury taking place. Further, were Defendants given advance notice concerning this relief, Defendants would, in all probability, seek to accelerate the injuries sought to be apprehended.

9. The relief requested should be granted because the injury and harm that would be suffered by Plaintiff is greater than the potential injury or harm to Defendants, and when balanced, the greater harm would be suffered by Plaintiff and the equities in this matter tip heavily in favor of the Plaintiff.

10. The public interest would be served in that granting the requested relief would protect the public from truth in lending violations, predatory lending practices, and other violations of federal and California law, including Deceptive and Unfair Trade Practices in the conduct of the mortgage lending business, and would prevent homeowners in the community from summarily, without any judicial oversight, losing their homes and from becoming homeless and becoming a burden on the community.

11. Attached hereto and in support of this application for Ex Parte Temporary Restraining Order/Preliminary Injunction and Order to show cause is Plaintiff's sworn Declaration attesting the truthfulness of the facts and allegations contained in this application.

12. Plaintiff requests that this Honorable Court grant the requested relief without bond in that Plaintiff is unable to afford or to pay a bond of any kind or type, and that such a Bond requirement would have an inequitable effect on the ability of Plaintiff and other members of the public to obtain redress of their grievances through the Courts and would have a negative effect on public access to the Courts.

13. Other grounds to be argued ore tenus.

**CERTIFICATE OF SERVICE**

I (WE) HEREBY CERTIFY that a true and correct copy of the Foregoing Application for Ex Parte Temporary Restraining Order/ Preliminary Injunction has been furnished to the following:

Defendants COUNTRYWIDE HOME LOANS, at 400 Countrywide Way SV-35 Simi Valley, CA 93065, COUNTYWIDE BANK, at 2175 N. California Blvd., Suite 400, Walnut Creek California, 94596; RECONTRUST COMPANY 1757 Tapo Canyon Rd. SVW-88 Simi Valley, CA 93063 and Defendant Aurora Loan Services, at 10350 Park Meadows Dr. Littelton, CO 80124 by U.S. mail, with sufficient postage attached, this ____ day of June, 2008.

*Rica C. Angelo*
Rica C. Angelo
1970 Columbia St., #315
San Diego, CA 92101