# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICA C. ANGELO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>COUNTRYWIDE BANK MORTGAGE CORP., et al.,<br><br>　　　　　　Defendants. | CASE NO: 08-CV-1253 W (JMA)<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

　　　On July 11, 2008, Plaintiff Rica C. Angelo filed this lawsuit against Defendants for alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*. Along with the Complaint, Plaintiff filed the pending ex parte application for a stay or temporary restraining order/preliminary injunction. For the reasons set forth below, the Court **DENIES** the application.

　　　According to the Complaint, Plaintiff owns property located at 1970 Columbia Street in San Diego, California (the "Property"). (Compl., ¶3.) On approximately April 3, 2007, Plaintiff refinanced the Property. (Id., ¶¶7, 10.) In exchange for the loan, Defendants retained a security interest in the Property. (Id., ¶9.)

　　　Plaintiff contends that the transaction is subject to the right of rescission described in 15 U.S.C. § 1635, and 12 C.F.R. § 226.23 ("Regulation Z"). Plaintiff alleges that Defendants violated these sections by failing to deliver to Plaintiff two copies of an

adequate notice of the right to rescind.  (Id., ¶12.)  Plaintiff further alleges that the disclosure statement provided violated TILA and Regulation Z.

Based on Defendants' violations, Plaintiff contends she is entitled to rescind the transaction.  (Id. ¶15.)  Plaintiff further alleges that she exercised this right by sending Defendants a notice of rescission.  (Id., ¶16.)  Apparently, after Defendants did not respond to Plaintiff's notice, she filed this lawsuit along with the ex parte application for a stay or TRO.

The Federal Rules of Civil Procedure outline the procedures a federal court must follow when deciding whether to grant a temporary restraining order.  See Fed.R.Civ.P. 65.  The standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction.  Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996); Franklin v. Scribner, Civil No. 07-0438 BTM (LSP), 2007 WL 1491100, at *3 (S.D. Cal. May 21, 2007).  The Ninth Circuit has prescribed the following equitable criteria for determining whether to grant injunctive relief:

> (1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief.  The moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits... [T]he required degree of irreparable harm increases as the probability of success decreases.

Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., 367 F.3d 1108, 1111 (9th Cir. 2004) (quoting Miller ex. rel. N.L.R.B. v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994)).  The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974);

1  accord L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200
2  (9th Cir. 1980); Del Toro-Chacon v. Chertoff, 431 F. Supp. 2d 1135, 1139-40 (W.D.
3  Wash. 2006).

4      Here, there are numerous problems with Plaintiff's motion. First, Plaintiff has
5  failed to demonstrate why ex parte relief is necessary. Plaintiff requests a stay or TRO
6  enjoining Defendants "from *scheduling* . . . a proposed Trustee's sale in regard to a non-
7  judicial foreclosure action. . . ." (*Ex Parte App.*, ¶1.) The fact that a trustee's sale has
8  not yet been scheduled strongly suggests that the harm Plaintiff seeks to avoid is not
9  imminent. Accordingly, Plaintiff has failed to justify her request for a TRO, much less
10 an ex parte TRO.

11     Second, Plaintiff has failed to establish a probability of success on the merits.
12 Plaintiff's ex parte application does no more than regurgitate the elements necessary to
13 obtain a TRO. Plaintiff must provide the Court with factual allegations and analysis
14 demonstrating that she is entitled to the extraordinary relief requested. Plaintiff has
15 failed to do so.

16     For these reasons, Plaintiff's motion (Doc. No. 2) is **DENIED**.

17
18     **IT IS SO ORDERED.**

19 DATED: July 14, 2008

20
21                                      Hon. Thomas J. Whelan
                                     United States District Judge