Rica C. Angelo, Pro Se
1970 Columbia St., #315
San Diego, CA 92101
(702)396-1527



IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICA C. ANGELO,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTRYWIDE BANK MORTGAGE CORP.,<br><br>　　　　　Defendant(s), | Case No.: /<br>08-CV-1253-W-JMA<br><br>**EMERGENCY REQUEST FOR EX PARTE APPLICATION AND SUPPORTING DECLARATION OF RICA C. ANGELO FOR A STAY OR TEMPORARY RESTRAINING ORDER**<br><br>**NO HEARING DATE** |

**EMERGENCY** EX PARTE APPLICATION FOR TEMPORARY INJUNCTIVE RELIEF; **MEMORANDUM** OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION; AND **PRO**POSED ORDER

　　Plaintiff requests this Honorable Court for emergency relief from a wrongful foreclosure sale. A Temporary Restraining Order enjoining and restraining the Defendants from selling her home at a wrongful foreclosure sale set for on or about August 7, 2008 will maintain the status quo.

See Glider v PGA Tour Inc. 936 F. 2nd 417, 422 (9 Cir 1991). Here it is undisputed that the defendant has not been identified and demonstrated that they are the holder in due course. A plaintiff may meet his/her burden by showing "either a combination of probable success on the merits and the possibility of irreparable injury; or serious questions as to these matters and the balance of hardships tips sharply in the plaintiffs favor" Department of Parks & Rec for the State of California v. Bazaar Del Mundo Inc.448 F. 3rd 1118, 1123 (9h Cir 2006). The court continued to note that the two "formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases" id at pg 1123-1124.

It is undeniable that defendants failed to demonstrate that they are a holder in due course, failed to produce the original wet ink signature on the original promissory note and the original contract documentation. Defendant denied full accountability for their responses to plaintiffs, and most troubling defendants failed to credit all plaintiffs' payments and full tender of the note.

In this case the plaintiff demonstrated the existence that there is a reasonable likelihood of success with regards to very serious questions. Unlike the case decided by Judge Whelan

a little over a month ago, Lyndon v. Countrywide Home Loans (Docket number 08 - CV-0837) May 13, 2008, the plaintiff here has both filed suit and sought relief prior to the occurrence of the sale.  Plaintiff was unable to proceed in a more timely fashion due to health issues.  It is respectfully requested that the Court maintain the status quo until it can decide on the primary issues of the accounting for the alleged debt and proof of the holder in due course.

The public interest will be served by allowing plaintiff to remain in control of the home, preventing her irreparable loss. Public interest will not be disserved by issuing a temporary restraining order to maintain the status quo until the issues are adjudicated.

**THERE IS A HIGH PROBABILITY OF SUCCESS BASED ON STATUTORY PROTECTION OF CONSUMER RIGHTS IN THE REAL ESTATE INDUSTRY.**

Underlying issues of alleged wrongful foreclosure are troubling to the homeowner consumer and easily disregarded by the lender defendant. Plaintiff relies on the separate sections of the United States Code and state law regarding Fair Debt Collection Practices Act.  12 USCA § 2605 (b). THE REAL ESTATE SETTLEMENT PROCEDURES ACT.

In this case it is not known if defendant has any significant or sufficient rights to initiate a non-judicial foreclosure. **Nor has there been any validation of the debt by**

**the lender**. In fact there has been no audited accounting made to plaintiff. If the status quo is not maintained, a greater injury will be suffered by the plaintiff who will be displaced and suffer more than any harm that might be suffered by the defendant. This court is mandated to issue a stay to keep the status quo until the standing to foreclose is determined by the court.

One of the purposes of the real estate Settlement Procedures Act was to protect borrowers and give them a tool by which they could protect themselves beyond TILA requirements to halt fraud and misrepresentation in the mortgage industry and to halt preying on consumers. This is so serious an issue that there is another clear mandate to issue a stay to maintain the "status quo" pending a full adjudication.

2. **Interim Harm**

Irreparable Injury. The real property being wrongfully foreclosed on is the home for plaintiff's retirement years. Real property is unique and something for which no amount of monetary damages will compensate. Plaintiff will lose her dream of a retirement home.

**Harm is imminent**. Plaintiff is threatened with the immediate loss of possession of her property by foreclosure. Plaintiff seeks a determination whether the defendants have a

legal right to hold the foreclosure.  To deny an equitable stay of execution until there is actual proof that defendants and/or his agents and successors have the right to the relief they seek without a court review has extremely draconian and harsh results.

In an abundance of caution and based upon legal and equitable considerations, this Court should enter a Preliminary Temporary Restraining Order to enjoin the foreclosure to maintain the status quo and to allow Plaintiff and Defendants to set forth their respective claims.

**Inadequacy of Remedy**.  A home is an important unique investment where one chooses to make his/her life, to build a future, and is not replaceable.  Plaintiff will suffer **irreparable harm** in the loss of her home and cannot be compensated for that loss. That substantial threat of irreparable harm outweighs any potential harm to the other parties.

**BALANCING**   The issue underlying this suit is a foreclosure of real property a remedy which should plaintiff be unsuccessful, the real property will not be lost.  It is unlikely that defendants will be placed in much jeopardy, given the current nature of the real estate market.  They will essentially suffer no damage at all.  In contrast the home is plaintiff's retirement home property.  The wrongful foreclosure

will not maintain the status quo and inflict more damages to the plaintiff prior to the adjudication of her TILA rights and other damages. In addition her unoccupied home will be subject to vandalism as well as most likely be resold and lost forever.

**Bond Requirements.**

The court has discretion to determine the imposition of bonding requirements if, in the courts discretion such a bond is necessary. Since the underlying issue is a foreclosure of real property, the value of the real property remains even if plaintiff is unsuccessful. In the current real estate market, it is most unlikely that Defendants will be placed in much greater jeopardy.

The court must take note that plaintiff has justifiably requested the right for proof that there is a right to actually legally hold the foreclosure. To require a bond in these circumstances would have a chilling effect to penalize the consumer for exercising his/her protected statutory rights. Accordingly, it is requested that no bond be required.

2. **STANDING TO PROCEED IN A NON JUDICIAL FORECLOSURE MUST BE DETERMINED.**

**ISSUE WRONGFUL FORECLOSURE**  Because most foreclosures proceed without challenges from borrowers, few judges have forced defendant creditors foreclosing on borrowers to show proof of ownership. The troubling big issue is who really owns

the mortgage note, and allegedly what they illegally securitized.

**ISSUE: STANDING TO BRING FORECLOSURE**. There has been no determination of standing to execute a foreclosure sale. A holder in due course must produce the original contract and the original unaltered promissory note entitling them to proceed against the homeowner's title and possession.

**ISSUES OF STANDING TO EXECUTE A FORECLOSURE SALE WERE NEVER DETERMINED AND CONSTITUTE A FRAUD ON THE COURT.**

**ISSUE: FRAUD ON THE COURT**. Foreclosures take place in courts of equity. Under the rules of evidence this court has the responsibility to keep the status quo until it is determined there is no fraud on the court. If foreclosing defendant is not the holder in due course ("HIDC"), **the court is being told** that they have a right to foreclosure when **they do not**. Plaintiff objects to the non judicial foreclosure and requests a court review.

The only one with foreclosure rights is the HIDC. To be the HIDC you must have the original wet ink signature note. All others are Holder for Value ("HFV") and have very limited rights. The court must not determine or confirm a foreclosure sale if:

(1) Title is misrepresented and/or there is no commercial sale;

(2) The original, unaltered note is not produced;

(3) There is a holder in due course, not simply a holder for value; and/or

(4) There is illegal securitization; and

(5) The contract terms were unconscionable and/or statutory violations are determined by wrongful foreclosure sale which was conducted fraudulently, or justice otherwise was not done.

### FORECLOSURE REQUIRES THE ORIGINAL NOTE.

Defendant's long standing practice of non judicial foreclosure does not equate with legal compliance. Defendant lender enforces its deception mandate where defendant alleges it owns the promissory note and the original contract, but does not. This court is compelled to stop defendants at the gate and adjudicate the basic requirements prior to proceeding with at foreclosure sale.

### NO EVIDENCE OF HOLDER IN DUE COURSE IN POSSESSION OF NOTE:

There is no competent evidence before the court that (1) any party is the holder of the alleged note or the true holder in due course and (2) an audit accounting to prove that a certain balance is due and owing on any alleged note.

Unequivocally Federal and state courts rule is that in order to prove the "instrument" <u>possession is mandatory</u>.

### NO EVIDENCE OF AUDIT ACCOUNTING PROVING CLAIM OF DAMAGES.

In addition, a necessary element of proof is: a claim of damages, i.e. an accounting that is signed and dated by the person who is responsible for the account incorporating the general ledger and

accounting.  Of course, no tender can be submitted without an audited correct accounting.

**NO EVIDENCE OF DOCUMENTATION OF OWNERSHIP.**  Thus, more compliance documentation of ownership is required from lenders trying to foreclose.  If the homeowner **does not object**, the judge rubber-stamps the mortgage foreclosure that is being pushed through the system.

In essence, Defendants provided no proven right or legal authority to foreclose on plaintiff's real property.  A copy of the note does not suffice. Defendants' intentional misrepresentation of their fraud on the consumer constitutes a fraud on the court.  The court must issue a stay to against defendants until further order to enjoin them from taking any action negatively affecting plaintiff.

THE DETERMINATION OF HOLDER IN DUE COURSE AND ACCOUNTING IS TANTAMOUNT ISSUE REQUIRED TO QUIET TITLE DISPUTES AND COMPELS THE ISSUANCE OF THE REQUESTED INJUNCTIVE RELIEF.

The compelling need to quiet title disputes provides a separate basis for plaintiffs' claims and for her requested emergency preliminary injunction.  Based **solely** on the need to quiet title and the relevant, egregious facts as set forth in pleadings and plaintiff's declaration, she is more than likely to succeed on the merits of her claims in particular due to succeed on the merits of her claims in particular due to the failure to respond to her inquiries to establish debt verification,  obtain an audit accounting, credit her tender and


payments, and determine the holder in due course of the original contract and wet signature original promissory note.

Unquestionably, undisclosed information constitutes the "actual or threatened misappropriation" of the PROPERTY that may be enjoined. There is no proof of the identity of the holder in due course who is entitled to proceed in a foreclosure sale.

### CONCLUSION

Based on the foregoing and the application for emergency restraining order , Plaintiff respectfully request that this Honorable Court to issue a stay against defendants until further order to enjoin them from taking any action negatively affecting plaintiff.

Dated: August 1, 2008                    Respectfully submitted,

*Rica C. Angelo 8/1/08*
Rica C. Angelo
Plaintiff in pro se

### DECLARATION OF RICA C. ANGELO

I, RICA C. ANGELO: declare:

1. I am the plaintiff in the within matter. The facts set forth herein are within my personal knowledge and, if called upon to do so, I could and would competently testify thereto under oath. This declaration is made in support of ex parte application for injunctive stay of unlawful foreclosure, dated

for this week, of the subject property at 1970 Columbia Street, #315, San Diego, California.

2. A complaint was filed for TILA damages. I intend to amend the complaint to detail alternative claims of damages stemming from deceptive fraud and unfair business trade practices and other statutory violations .

3. Lender did not answer my questions although there were many things that I did not understand. When I tried to verify the debt and correct any documentation errors as set forth in my filed complaint, my requests fell on deaf ears. My efforts were not successful.

4. A wrongful foreclosure sale is set for August 1, 2008. I respectfully request this court for an emergency order to stop the foreclosure sale or my home property will be lost. There is no other remedy to keep the status quo until the court hears the issues of TILA and rescission and fraudulent lender activities in my complaint.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on 1st day of August, 2008 at San Diego, California.

*Rica C. Angelo*   8/1/08
Rica C. Angelo
Plaintiff in pro se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Foregoing Application for Ex Parte Temporary Restraining Order/ Preliminary Injunction has been furnished to the following: Defendant COUNTYWIDE BANK, at 2175 N. California Blvd., Suite 400, Walnut Creek California, 94596, by fax (817) 230-6868 and U.S. mail, sufficient postage attached, this 1st day of August, 2008.

*Rica C. Angelo*
Rica C. Angelo
8/1/08