FILED
AUG 0 6 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___cf___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICA C. ANGELO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTRYWIDE BANK MORTGAGE CORP., et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO: 08-CV-1253 W (JMA)<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

　　　On July 11, 2008, Plaintiff Rica C. Angelo filed this lawsuit against Defendants for alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* Along with the Complaint, Plaintiff filed an ex parte application for a stay or temporary restraining order/preliminary injunction. On July 14, 2008, the Court denied the application.

　　　On August 1, 2008, Plaintiff filed a second ex parte application for a TRO. For the reasons set forth below, the Court again **DENIES** the application.

## I. Factual Background.

As stated in the Court's previous order, this lawsuit involves property located at 1970 Columbia Street, #315 in San Diego, California (the "Property"). (*Compl.*, ¶3.) The Property is not Plaintiff's primary residence, but is instead intended for Plaintiff's retirement years. (*Ex Parte App.*, p.10:20.)

On April 3, 2007, Plaintiff refinanced the Property. (*Id.*, ¶¶7, 10.[1]) In exchange for the loan, Defendants retained a security interest in the Property. (*Id.*, ¶9.) At some point thereafter, Plaintiff apparently defaulted on the loan, and Defendants scheduled a foreclosure sale for August 7, 2008. (*Ex Parte App.*, p.1:26–27.) Plaintiff seeks to enjoin that sale.

## II. Discussion.

The Federal Rules of Civil Procedure outline the procedures a federal court must follow when deciding whether to grant a temporary restraining order. See Fed.R.Civ.P. 65. The standard for granting a temporary restraining order is the same for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996); Franklin v. Scribner, Civil No. 07-0438 BTM (LSP), 2007 WL 1491100, at *3 (S.D. Cal. May 21, 2007). The Ninth Circuit has prescribed the following equitable criteria for determining whether to grant injunctive relief:

> (1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief. The moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits... [T]he required degree of irreparable harm increases as the probability of success decreases.

---

[1] Contrary to the statement at ¶10 in the Complaint, the Deed of Trust is not attached thereto as an exhibit.

Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., 367 F.3d 1108, 1111 (9th Cir. 2004) (quoting Miller ex. rel. N.L.R.B. v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994)). The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974); accord L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980); Del Toro-Chacon v. Chertoff, 431 F. Supp. 2d 1135, 1139-40 (W.D. Wash. 2006).

Here, Plaintiff argues that she is likely to prevail on the merits because Defendants failed to provide her with the original copy of the loan documents, and Defendants have not provided her with an accounting. The Court is not persuaded for at least two reasons.

First, TILA's purpose, among others, is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available. . . ." 15 U.S.C. § 1601(a). To this end, TILA obligates lenders to make certain disclosures concerning the proposed loan, such as the obligor's right to rescind. 15 U.S.C. § 1635(a). The Court, however, is unaware of any provision in the statute requiring lenders to provide the consumer with the original version (as opposed to a copy) of the loan documents and an accounting. Nor has the Court's research revealed any cases holding that TILA so requires. And as the moving party, Plaintiff has failed to identify any such authority. Thus, assuming Plaintiff's allegations are true, Defendants' conduct does not appear to violate TILA.

Second, TILA does not apply to credit transactions, "other than those in which a security interest is or will be acquired in real property. . . used or expected to be used as the principal dwelling of the consumer." 15 U.S.C. § 1603(3); see also 12 C.F.R. § 226.1 (regulation's purpose, among others, is to give the "consumer the right to

cancel certain credit transactions that involve a lien on a consumer's principal dwelling. . . .) and 12 C.F.R. § 226.2 (defining "consumer" as including "a natural person in whose principal dwelling a security interest is or will be retained or acquired. . . ."). Plaintiff concedes that the Property is not her principal dwelling. (*Ex Parte App.*, pp.10:20, 11:27–28.) And the Complaint identifies Plaintiff's current address as 8245 Opera Drive, Las Vegas, Nevada. (*See Compl.*, p.1:1–3.) Because the transaction did not involve Plaintiff's principal dwelling, TILA does not appear applicable to this case.[2]

### III. Conclusion & Order.

Because Plaintiff has failed to establish a likelihood of success on the merits, Plaintiff's ex parte application is denied is **DENIED**.

**IT IS SO ORDERED.**

DATE: August 6, 2008

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

---

[2] The Court is also concerned about Defendants' lack of notice about this lawsuit or Plaintiff's ex parte application. Although this lawsuit was filed on July 11, 2008, there is no indication that Defendants have been served with the Summons and Complaint, and thus that Defendants are aware of this lawsuit. And with regard to the pending ex parte application, although the proof of service states that "Defendant Countywide [sic] Bank" was served by mail and fax, Plaintiff apparently has not served Defendant Countrywide Home Loans, Defendant Reconstruct Company and Defendant Aurora Loan Services. And nowhere in Plaintiff's ex parte application does she attempt to justify why Defendants were not provided notice.